IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **VDPP, LLC,**<br>    Plaintiff,<br><br>v.<br><br>**INNOVATIVE VIDEO TECHNOLOGY, INC.,**<br>    Defendant | Civil Action No. 1:25-cv-05404<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

**Plaintiff VDPP, LLC** ("VDPP") files this Original Complaint and demand for jury trial seeking relief from infringement of the claims of U.S. Patent No. 9,426,452 ("the '452 patent") and the claims of U.S. Patent No. 9,716,874 ("the '874 patent") (also referred to herein as the "Patents-in-Suit") by **Defendant Innovative Video Technology Inc.** ("Invid" or "Defendant").

**I.   THE PARTIES**

1.   Plaintiff VDPP, LLC is a company organized under the laws of Oregon with a principal place of business located in Corvallis, Oregon.

2.   On information and belief, Defendant is a privately held corporation organized and existing under the laws of the State of New York, with a regular and established business in this District at **5 Adams Ave., Hauppauge, NY 11788**. Defendant can be served with process through Defendant's registered agent, Joseph Troiano, 355 Oser Avenue, Hauppauge, New York 11788, at Defendant's regular and established business, and anywhere else Defendant can be found.

3.   On information and belief, Defendant has sold and offered to sell products and services throughout New York, including in this judicial district, and introduced products and services

that infringe the patent-in-suit into the stream of commerce knowing that they would be sold in New York and in this judicial district.

## II. JURISDICTION AND VENUE

4. This Court has original subject-matter jurisdiction over the entire action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff's claim arises under an Act of Congress relating to patents, namely, 35 U.S.C. § 271.

5. This Court has personal jurisdiction over Defendant because: (i) Defendant is present within or has minimum contacts within the State of New York and this judicial district; (ii) Defendant has purposefully availed itself of the privileges of conducting business in the State of New York and in this judicial district; and (iii) Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of New York and in this judicial district.

6. Venue is proper in this district under 28 U.S.C. § 1400(b). Defendant has committed acts of infringement and has a regular and established place of business in this District. Further, venue is proper because Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in New York and this District.

## III. INFRINGEMENT

### a. Count 1 -Infringement of the '452 patent

7. On August 23, 2016, U.S. Patent No. 9,426,452 ("the '452 patent", included as Exhibit A and part of this complaint) entitled "Faster State Transitioning for Continuous Adjustable 3Deeps

2

Filter Spectacles Using Multi-Layered Variable Tint Materials" was duly and legally issued by the U.S. Patent and Trademark Office. Plaintiff owns the '452 patent by assignment.

8. The '452 patent relates to an image processing apparatus. The '452 patent expired on January 22, 2022.

9. Defendant maintains, operates, and administers systems, products, and services in the field of image processing that directly infringed one or more of claims of the '452 patent prior to the patent's expiration, including one or more of claims 1-4, literally or under the doctrine of equivalents. Defendant put the inventions claimed by the '452 Patent into service (i.e., used them); but for Defendant's actions, the claimed-inventions embodiments involving Defendant's products and services would never have been put into service. Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and enabled Defendant's procurement of monetary and commercial benefit therefrom.

10. Support for the allegations of infringement may be found in the chart attached as Exhibit B. These allegations of infringement are preliminary and are therefore subject to change.

11. Defendant has caused Plaintiff damage by direct infringement of the claims of the '452 patent prior to its expiration.

    b. **Count 2 - Infringement of the '874 Patent**

12. On July 25, 2017, U.S. Patent No. 9,716,874 ("the '874 patent," included as Exhibit C and part of this complaint) entitled "Continuous Adjustable 3Deeps Filter Spectacles for Optimized 3Deeps Stereoscopic Viewing, Control Method and Means therefore, and System and Method of Generating and Displaying a Modified Video" was duly and legally issued by the U.S. Patent and Trademark Office. Plaintiff owns the '874 patent by assignment.

13. The '874 patent is directed to a method and apparatus adapted to capture and store image frames from different video streams, modify captured image frames, blend modified image frames based on an identified bridge frame, and generate a combined frame for display.

14. Defendant maintains, operates, and administers systems, products, and services in the field of image capture and modification that infringed one or more of claims of the '874 patent, including one or more of claims 1-4, literally or under the doctrine of equivalents. Defendant put the inventions claimed by the '874 Patent into service (i.e., used them); but for Defendant's actions, the claimed-inventions embodiments involving Defendant's products and services would never have been put into service. Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

15. Support for the allegations of infringement may be found in the preliminary exemplary table attached as Exhibit D. These allegations of infringement are preliminary and are therefore subject to change.

16. Defendant caused Plaintiff damage by direct infringement of the claims of the '874 patent.

## IV. CONDITIONS PRECEDENT

17. Plaintiff is a non-practicing entity, with no products to mark. Plaintiff has pled all statutory requirements to obtain pre-suit damages. Further, all conditions precedent to recovery are met. Under the rule of reason analysis, Plaintiff has taken reasonable steps to ensure marking by any licensee producing a patented article.

18. Plaintiff and its predecessors-in-interest have entered into settlement licenses with several defendant entities, but none of the settlement licenses were to produce a patented article, for or

4

under the Plaintiff's patents. Duties of confidentiality prevent disclosure of settlement licenses and their terms in this pleading but discovery will show that Plaintiff and its predecessors-in-interest have substantially complied with Section 287(a). Furthermore, each of the defendant entities in the settlement licenses did not agree that they were infringing any of Plaintiff's patents, including the Patents-in-Suit, and thus were not entering into the settlement license to produce a patented article for Plaintiff or under its patents. Further, to the extent necessary, Plaintiff will limit its claims of infringement to method claims and thereby remove any requirement for marking.

19. To the extent Defendant identifies an alleged unmarked product produced for Plaintiff or under Plaintiff's patents, Plaintiff will develop evidence in discovery to either show that the alleged unmarked product does not practice the Patents-in-suit and that Plaintiff has substantially complied with the marking statute. Defendant has failed to identify any alleged patented article for which Section 287(a) would apply. Further, Defendant has failed to allege any defendant entity produce a patented article.

20. The policy of § 287 serves three related purposes: (1) helping to avoid innocent infringement; (2) encouraging patentees to give public notice that the article is patented; and (3) aiding the public to identify whether an article is patented. These policy considerations are advanced when parties are allowed to freely settle cases without admitting infringement and thus not require marking. All settlement licenses were to end litigation and thus the policies of §287 are not violated. Such a result is further warranted by 35 U.S.C. §286 which allows for the recovery of damages for six years prior to the filing of the complaint.

21. For each previous settlement license, Plaintiff understood that (1) the settlement license was the end of litigation between the defendant entity and Plaintiff and was not a license where

5

the defendant entity was looking to sell a product under any of Plaintiff's patents; (2) the settlement license was entered into to terminate litigation and prevent future litigation between Plaintiff and defendant entity for patent infringement; (3) defendant entity did not believe it produced any product that could be considered a patentable article under 35 U.S.C. §287; and, (4) Plaintiff believes it has taken reasonable steps to ensure compliance with 35 U.S.C. §287 for each prior settlement license.

22. Each settlement license that was entered into between the defendant entity and Plaintiff was negotiated in the face of continued litigation and while Plaintiff believes there was infringement, no defendant entity agreed that it was infringing. Thus, each prior settlement license reflected a desire to end litigation and as such the policies of §287 are not violated.

## V. JURY DEMAND

Plaintiff hereby requests a trial by jury on issues so triable by right.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a. enter judgment that Defendant has infringed the claims of the Patents-in-Suit;

b. award Plaintiff damages in an amount sufficient to compensate it for Defendant's infringement of the Patents-in-Suit in an amount no less than a reasonable royalty or lost profits, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

c. award Plaintiff an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

d. declare this case to be "exceptional" under 35 U.S.C. § 285 and award Plaintiff its attorneys' fees, expenses, and costs incurred in this action;

e. provided discovery reveals that Defendant (1) knew of the patent-in-suit prior to the filing date of the lawsuit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent, declare Defendants' infringement to be willful and treble the damages, including attorneys' fees, expenses, and costs incurred in this action and an increase in the damage award pursuant to 35 U.S.C. § 284;

f. award Plaintiff such other and further relief as this Court deems just and proper.

Respectfully submitted,

DATED: September 26, 2025

*/s/ David J. Hoffman*
David J. Hoffman
6576 Milestrip Road
Orchard Park, New York 14127
(917) 701-3117 (telephone)
djhoffman@djhoffmanlaw.com

***Attorneys for VDPP, LLC***